## SYLVESTER TRULL *vs.* OTIS M. MOULTON.
## JOHN A. JOHNSON *vs.* GEORGE M. GUILD & another.

A demurrer to a declaration upon a promissory note will not lie, for the reason that the copy of the note annexed to the declaration does not show that the note bore an internal revenue stamp.

Two actions of contract upon promissory notes. The copies of the notes annexed to the declarations did not show that the notes bore internal revenue stamps, and the defendant in each case demurred, " for the reason that the note which is therein declared upon has no internal revenue stamp upon it." The demurrers were overruled, in the superior court, and judgments ordered for the plaintiffs ; and the defendants appealed to this court.

*J. D. Thomson,* for the defendants.

*J. Nickerson,* for the plaintiffs.

CHAPMAN, J. In each of these cases the plaintiff declares on a promissory note, a copy of which is annexed to the declaration. In each case the defendant demurs to the declaration, and

assigns for cause of demurrer " that the note which is therein declared upon has no internal revenue stamp upon it." This demurrer is bad.

1. If we understand the averment to refer to the note, and not to the copy thereof which is annexed to the declaration, as we must if we construe it literally, the reference is to something *dehors* the record, and not apparent upon it. Such reference must be made by averment, and not by demurrer; for a demurrer shows nothing but what is on the face of the record.

2. If we are to understand it as referring to the copy of the note, it is not a valid cause of demurrer, because the revenue stamp is not a part of the contract, and therefore need not be copied.

3. In order to affect the validity of the note, it should be averred that the stamp was fraudulently omitted on the note; *Desmond* v. *Norris*, 10 Allen, 250; and this cannot be done by demurrer. *Judgment for the plaintiffs affirmed.*